**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAIME PORTILLO,**

**Plaintiff,**

**v.** **9:24-CV-1498**
**(FJS/DJS)**

**MONROE, Corrections Officer,**

**Defendant.**

---

**APPEARANCES** **OF COUNSEL**

**JAIME PORTILLO**
**A094158752**
Winn Correctional Center
560 Gum Spring Road
Winnfield, Louisiana 71483
Plaintiff *pro se*

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**
300 South State Street, Suite 300
Syracuse, New York 13202
Attorneys for Defendant

**SHAWN C. GRAHAM, AAG**
**ELIZABETH V. LOMBARDI, AAG**

**SCULLIN, Senior Judge**

## ORDER

Plaintiff, who was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at the time of the incident at issue, commenced this action pursuant to 42 U.S.C. § 1983, alleging that, in December 2022, he was attacked by another incarcerated individual and that Defendant failed to intervene to stop the attack. *See* Dkt. No. 8, Amended Complaint, at 3, 6.

Defendant moved for summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure on two grounds: (1) Plaintiff failed to exhaust his administrative remedies properly and (2) Plaintiff's claims lacked merit. *See* Dkt. Nos. 29 & 29-1, Defendant's Memorandum of Law, at 3-10. Plaintiff's deadline to respond to Defendant's motion was June 24, 2026. *See* Dkt. No. 30. When no response was received, the Court *sua sponte* granted Plaintiff an extension until August 17, 2026, to respond. *See* Dkt. No. 31. The Court's Order granting Plaintiff an extension to respond was returned as undeliverable with the notation that Plaintiff had been "released." *See* Dkt. No. 32.[1] Plaintiff never filed a response to Defendant's motion.

On August 25, 2026, Magistrate Judge Stewart issued a Report-Recommendation and Order, in which, among other things, he recommended that the Court grant Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. *See* Dkt. No. 33, Report-Recommendation and Order, at 13.

As Magistrate Judge Stewart instructed, the Clerk of the Court served a copy of the Report-Recommendation and Order on the parties. The deadline for the parties to file objections to Magistrate Judge Stewart's Report-Recommendation and Order was September 8, 2026. On September 21, 2026, the Report-Recommendation and Order that the Clerk of the Court had sent to Plaintiff was returned with a notation "Return to Sender - Refused - Unable to Forward." *See* Dkt. No. 34. Neither party filed any objections and their time to do so has expired.

Since neither party filed any objections to the Report-Recommendation and Order, the Court reviews the Report-Recommendation and Order for clear error. *See Petersen v. Astrue*, 2

---

[1] As Magistrate Judge Stewart noted in his Report-Recommendation and Order, the fact that "Plaintiff has not provided the Court with notice of a change of address . . . is an independent basis for dismissal of this action." *See* Dkt. No. 33, Report-Recommendation and Order, at 2 n.2.

F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation and Order for clear error and having found none, the Court adopts the Report-Recommendation and Order and grants Defendant's motion for summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order, *see* Dkt. No. 33, is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for summary judgment, *see* Dkt. No. 29, is **GRANTED based on Plaintiff's failure to exhaust his administrative remedies**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: October 5, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge